**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mahmood Khan,<br><br>                Plaintiff,<br><br>v.<br><br>CC Services, Inc., d/b/a COUNTRY<br>Mutual Insurance Company,<br><br>                Defendant. | Case No. 13-cv-1649 (SRN/JJG)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Mahmood Khan, 2972 Old Highway 8, Roseville, MN, 55113, Pro Se.

Tamara L. Rollins and Leatha G. Wolter, Meagher & Geer, P.L.L.P., 33 South Sixth Street, Suite 4400, Minneapolis, MN, 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the Court on a Motion to Dismiss filed by the Defendant COUNTRY Mutual Insurance Company [Doc. No. 26].  For the reasons stated below, the Court grants the Motion to Dismiss and dismisses the Complaint [Doc. No. 1-2, Ex. B] with prejudice.

## II.   BACKGROUND

Plaintiff Mahmood Khan owned two rental properties in Minneapolis that sustained tornado damage on May 22, 2011.  (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 2 [Doc. No. 30].)  The properties, located at 2501 Golden Valley Road and 2639 Oliver

Avenue North, were insured by Defendant.  (First Am. Compl. ¶ 3 [Doc. No. 24].)

A week after the tornado damage occurred, the Golden Valley Road property was vandalized, with copper and wire removed, causing approximately $300,000 in damage. (Id. ¶ 10.)  The following week, the Oliver Avenue North property was also vandalized, causing approximately $30,000 in damage.  (Id. ¶ 11.)

Plaintiff submitted insurance claims for the damage to both properties.  (Id. ¶ 7.) Following an investigation into Plaintiff's claims, Defendant paid approximately $229,000 for the damage to the Golden Valley Road property and approximately $30,000 for the damage to the Oliver Avenue North property.  (Id. ¶ 8.)  The payments represented the actual cash value ("ACV") of the damage, rather than the replacement cost value ("RCV"). (Id. ¶ 7.)  Although requested by Plaintiff, Defendant refused to pay RCV for the properties until repair work was completed, as required by the insurance policies.  (Id. ¶ 14.)  Under the policies, a claimant must actually repair or replace the damaged property as soon as reasonably possible in order to recover RCV.  (Def.'s Mem. in Supp. of its Mot. to Dismiss at 3–4 [Doc. No. 28, Ex. 1].)

Seven months after the tornado damage occurred, Plaintiff had not yet begun to repair either property.  In December 2011, the City of Minneapolis (the "City") ordered the demolition of both properties.  (First Am. Compl. ¶ 13 [Doc. No. 24].)  Plaintiff timely appealed the orders.  In June 2013, the Minnesota Court of Appeals reversed the City's order to demolish the Oliver Avenue North property.  Khan v. City of Minneapolis, No. A12-1424, 2013 WL 2371807 (Minn. Ct. App. June 3, 2013).  In June 2014, the Minnesota

Court of Appeals affirmed the City's order to demolish the Golden Valley Road property. Khan v. City of Minneapolis, No. A13-1104, 2014 WL 2441215 (Minn. Ct. App. June 2, 2014). Plaintiff failed to complete the repairs to either property prior to filing this lawsuit. (First Am. Compl. ¶ 15 [Doc. No. 24].)

The insurance policies at issue provide that claimants have two years from the date of loss to bring a legal action relating to that loss. (Def.'s Mem. in Supp. of its Mot. to Dismiss at 4 [Doc. No. 28].) Specifically, each of the policies contains the following clause (the "limitations period"):

> D.   LEGAL ACTION AGAINST US
>
> No one may bring legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all the terms of this Coverage Part; and
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

(Id.) Plaintiff's properties sustained tornado damage on May 22, 2011. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 2 [Doc. No. 30].) Accordingly, the two-year limitations period by which to bring a legal action under the policies at issue expired on May 22, 2013. Plaintiff requested and was granted a two-week extension to bring suit against Defendant, which expired on June 5, 2013. (Def.'s Mem. in Supp. of its Mot. to Dismiss at 2 [Doc. No. 28].) On June 6, 2013, Plaintiff delivered a copy of the Complaint, without the required Summons, to Defendant's office in Arden Hills, Minnesota. (Aff. of Personal Service at 7 [Doc. 1-2, Ex. B].) On June 18, 2013, two weeks after the expiration of the extension period, Defendant was properly served with a Summons and Complaint in compliance with

Minnesota Rule of Civil Procedure 3.01.  (Id. at 8.)

Plaintiff's Complaint alleges breach of contract and requests recovery in excess of $617,000 allegedly owed by Defendant for its refusal to cover RCV damages to Plaintiff's properties.  (First Am. Compl. ¶ 24 [Doc. No. 24].)  Defendant removed this case to this Court [Doc. No. 1-3] and now brings this Motion to Dismiss.

## III.   DISCUSSION

### A.   Legal Standard

Defendant's motion is brought alternatively under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(5) provides for dismissal for insufficient service of process.  Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted.  Because the Court finds the Rule 12(b)(6) motion dispositive in this action, it need not address Defendant's alternative ground for dismissal.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiff draws from the facts pled.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss.  See Fed. R. Civ. P. 12(d).  The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v.

ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records.  Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  Id. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  Twombly, 550 U.S. at 556.

### B.   Limitations Provision

Defendant argues that the two-year limitations period bars Plaintiff's lawsuit as a matter of law.  (Def.'s Mem. in Supp. of its Mot. to Dismiss at 12 [Doc. No. 28].)  In particular, Defendant argues that the insurance policies require that any legal action against COUNTRY be brought within two years of the date of loss, that the relevant date of loss was May 22, 2011, and that Plaintiff failed to commence suit within the limitations period.  (Id. at 1–2.)

Plaintiff first argues that the limitations period should not preclude his claim because the policy language is ambiguous.  (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 11–13 [Doc. No. 30].)  In particular, Plaintiff asserts that the term "legal action," which is used in

reference to the limitations period but is undefined, is distinct from "suit"—a term used in other portions of the policies. (Id.) Plaintiff contends that the use of the term "legal action" in the relevant section is evidence of Defendant's intention to distinguish the two terms. (Id.) Based on this alleged ambiguity, Plaintiff asserts that he should be allowed to bring this lawsuit against Defendant, even though the two-year limitations period has run. (Id.)

The Court disagrees. The term "legal action" as used in the policies is not ambiguous. Ambiguity exists when policy language is reasonably susceptible to more than one interpretation or meaning. Upsher-Smith Laboratories, Inc. v. Federal Ins., 264 F.Supp.2d 843, 849 (D. Minn. 2002). Plaintiff has failed to offer an alternative meaning for the term "legal action," much less one that would not encompass a "suit." The Court, similarly, fails to identify an alternative meaning for "legal action" not broad enough to include a "suit." Accordingly, the Court rejects Plaintiff's argument that the policy language is ambiguous.

Plaintiff next argues that the limitations period—if not ambiguous—is unreasonably short. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 14–17 [Doc. No. 30].) Minnesota law provides for a six year statute of limitations governing contracts. See Minn. Stat. § 541.05. Parties to an insurance contract are allowed to shorten this period, provided no specific statute prohibits the use of a shorter limitations period, and so long as the time period is not unreasonable. Henning Nelson Constr. Co. v. Fireman's Fund Ins. Co., 383 N.W.2d 645, 650–51 (Minn. 1986).

Plaintiff has not cited any conflicting statute or provided any authority supporting his argument that the limitations period is unreasonable.  In contrast, Defendant has cited several cases in which Minnesota courts have found a two-year limitations period in an insurance contract to be reasonable.  See F.D.I.C. v. Hartford Accident & Indem. Co., 97 F.3d 1148, 1151 (8th Cir. 1996); Excel Roofing, Inc. v. State Farm Fire & Cas. Co., 2010 WL 5211554, at * 4 (D. Minn. Dec. 16, 2010); Minnesota Mut. Fire & Cas. Co. v. North Lakes Constr., Inc., 400 N.W.2d 367, 370 (Minn. Ct. App. 1987).  Moreover, the Court notes that Plaintiff was granted a two-week extension to the limitations period, during which time Plaintiff still failed to commence the instant legal action. The Court concludes that, as a matter of law, the two-year limitations period at issue is reasonable.

Defendant asserts that Plaintiff has failed to state a claim because this lawsuit was commenced after the applicable statute of limitations period had lapsed. A statute of limitations defense is not typically a ground for a Rule 12(b)(6) dismissal "unless the complaint itself establishes the defense." Jessie v. Potter, 516 F.3d 709, 713 n. 2 (8th Cir. 2008).  "[W]hen it 'appears from the face of the complaint itself that the limitations period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004) (citation omitted).

Here, it is undisputed that Plaintiff did not properly commence this lawsuit until June 18, 2013, more than two years after the date on which the damage occurred, and after the applicable statute of limitations period had lapsed. (Aff. of Personal Service at 8 [Doc. No. 1-2, Ex. B].)  Therefore, Plaintiff's Complaint fails to state a claim upon which relief may

7

be granted because Plaintiff's action is time-barred. Finding that the contested policy language is not ambiguous and that the limitations period is reasonable, the Court grants Defendant's Motion to Dismiss.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Dismiss [Doc. No. 26] is **GRANTED**; and

2. Plaintiff's Complaint [Doc. No. 1-2, Ex. B] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 3, 2014     s/Susan Richard Nelson
                        SUSAN RICHARD NELSON
                        United States District Judge